IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark A. Alcantar,<br><br>        Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>        Respondents. | No. CV-15-02146-PHX-JJT (ESW)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE JOHN J. TUCHI, UNITED STATES DISTRICT JUDGE:**

Pending before the Court is Mark A. Alcantar's ("Petitioner") Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (the "Petition") (Doc. 1). Also pending is Petitioner's request filed in February 2016 that the Petition be "set aside" (Doc. 17). For the reasons set forth herein, the undersigned recommends that the Petition be dismissed with prejudice.

**I. BACKGROUND**

In May 2013, a Maricopa County Grand Jury indicted Petitioner on two charges: (i) armed robbery, a class 2 felony (Count 1) and (ii) kidnapping, a class 4 felony (Count 2). (Doc. 16, Ex. 2-3).[1] In August 2013, the trial court held a change of plea hearing in which Petitioner pled guilty as charged pursuant to a plea agreement reached with the

---

[1] Citations to the exhibits attached to Respondents' Answer (Doc. 16) refer to the Bates-stamp numbers in the lower right corner of the exhibit pages.

State.  (*Id*. at Ex., 27-28, 30-33).  On September 23, 2013, the trial court sentenced Petitioner to eight years in prison on Count 1 (armed robbery) and imposed a two-year term of supervised probation on Count 2 (kidnapping).  (*Id*. at Ex., 55-59).   Petitioner did not file a notice of post-conviction relief ("PCR").

On October 26, 2015, Petitioner initiated this action seeking federal habeas relief. Respondents answered on January 22, 2016 (Doc. 16).  On February 11, 2016, Petitioner filed a one page "Response to Petition" (Doc. 17)[2] in which Petitioner requests the Court to "set aside" the Petition.  Respondents have not responded to the filing and the time to do so has passed.

## II.  FEDERAL HABEAS LAW

### A.  Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

Under AEDPA, a state prisoner must file his or her federal habeas petition within **one year** of the latest of:

> 1. The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> 2. The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from filing by the State action;
>
> 3. The date on which the right asserted was initially recognized by the United States Supreme Court, if that right was newly recognized by the Court and made retroactively applicable to cases on collateral review; or
>
> 4. The date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *see also Hammerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007).   The one-year limitations period, however, does not necessarily run for 365

---

[2] The "Response to Petition" (Doc. 17) is docketed as a "Motion to Set Aside Petition for Writ of Habeas Corpus" (Doc. 17).

- 2 -

consecutive days as it is subject to tolling.

### B. Statutory Tolling

AEDPA provides that the limitations period is tolled during the "time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added); *Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006) (limitations period is tolled while the state prisoner is exhausting his or her claims in state court and state post-conviction remedies are pending) (citation omitted).

A statutory tolling analysis under AEDPA begins by determining whether the collateral review petition was "properly filed." This is because statutory tolling does not apply to collateral review petitions that are not "properly filed." *Pace v. DiGuiglielmo*, 544 U.S. 408 (2005); 28 U.S.C. § 2244(d)(2). A collateral review petition is "properly filed" when its delivery and acceptance are in compliance with state rules governing filings. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Orpiada v. McDaniel*, 750 F.3d 1086, 1089 (9th Cir. 2014) (court looked to Nevada state filing requirements in determining whether habeas petitioner's PCR petition was a "properly filed" application that is eligible for tolling). This includes compliance with filing deadlines. An untimely state collateral review petition is not "properly filed." *Pace*, 544 U.S. at 417 (holding that "time limits, no matter their form, are 'filing' conditions," and that a state PCR petition is therefore not "properly filed" if it was rejected by the state court as untimely).

If the collateral review petition was "properly filed," then the Court must determine the dates it was "pending." In Arizona, a PCR petition becomes "pending" as soon as the notice of PCR is filed. *Isley v. Arizona Department of Corrections*, 383 F.3d 1054, 1055-56 (9th Cir. 2004) ("The language and structure of the Arizona postconviction rules demonstrate that the proceedings begin with the filing of the Notice."). It remains "pending" until it "has achieved final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220 (2002). This includes "[t]he time between (1) a lower state court's adverse determination, and (2) the prisoner's

filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Evans*, 546 U.S. at 191 (emphasis in original).

### C.  Equitable Tolling

AEDPA's statute of limitations is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases."). Equitable tolling applies where a petitioner shows (i) that he or she has been pursuing his rights diligently and (ii) "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Roy*, 465 F.3d at 969; *Pace*, 544 U.S. at 418; s*ee also Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).

### D.  Actual Innocence/*Schlup* Gateway

If a district court finds that a federal habeas petition is untimely, the untimeliness may be excused by an equitable exception to AEDPA's statute of limitations. In *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931-34 (2013), the Supreme Court held that the "actual innocence gateway" to federal habeas review that was applied to procedural bars in *Schlup v. Delo*, 513 U.S. 298, 327 (1995) and *House v. Bell*, 547 U.S. 518 (2006) extends to petitions that are time-barred under AEDPA. The "actual innocence gateway" is also referred to as the "*Schlup* gateway" or the "miscarriage of justice exception."

To pass through the actual innocence/*Schlup* gateway, a petitioner must establish his or her factual innocence of the crime and not mere legal insufficiency. *See Bousley v. U.S.*, 523 U.S. 614, 623 (1998); *Jaramillo v. Stewart*, 340 F.3d 877, 882-83 (9th Cir. 2003). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup*, 513 U.S. at 324; *see also Lee v. Lampert*, 653 F.3d 929, 945 (9th Cir.2011); *McQuiggin*, 133 S.Ct. at 1927. A petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin*, 133 S.Ct. at 1935 (quoting *Schlup*, 513 U.S. at 327). Because of "the rarity of such evidence, in

- 4 -

virtually every case, the allegation of actual innocence has been summarily rejected." *Shumway v. Payne*, 223 F.3d 982, 990 (9th Cir. 2000) (citing *Calderon v. Thomas*, 523 U.S. 538, 559 (1998)).

### III.  DISCUSSION

#### A.  The Petition is Time-Barred by AEDPA's Statute of Limitations

In this case, the relevant triggering event for purposes of AEDPA's statute of limitations is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  For purposes of the limitations period, "[f]inal judgment in a criminal case means sentence. The sentence is the judgment."  *Burton v. Stewart*, 549 U.S 147, 156 (2007) (internal quotation marks and citation omitted).

##### 1.  The Statute of Limitations Commenced on December 24, 2013 and Has Expired

To calculate the timeliness of the Petition, the Court must first determine the date that Petitioner's September 23, 2013 sentencing judgment became "final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Typically "direct review" means a defendant's direct appeal following his or her convictions and sentencing.  But under Arizona law, a defendant in a non-capital case who pleads guilty waives his or her right to a direct appeal.  S*ee* ARIZ. REV. STAT. § 13–4033(B).  A plea-convicted defendant, however, is entitled to an of-right PCR proceeding.  *See* Ariz. R. Crim. P. 32.1 and 32.4.

Under Ninth Circuit case law, an Arizona defendant's of-right PCR proceeding is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A).  *See Summers v. Schriro,* 481 F.3d 710, 711, 716–17 (9th Cir. 2007).  Hence, when an Arizona petitioner's PCR proceeding is of-right, AEDPA's statute of limitations does not begin to run until the conclusion of review or the expiration of the time for seeking such review.  *See id*.

Pursuant to Rule 32.4 of the Arizona Rules of Criminal Procedure, the deadline for

filing a PCR notice in an of-right PCR proceeding is "ninety days after the entry of judgment and sentence . . . ."[3]  Here, the ninety day deadline expired on December 23, 2013.[4]  Petitioner did not file a PCR notice by this deadline.  Therefore, Petitioner's judgment of conviction became final on December 23, 2013, and the limitations period commenced on December 24, 2013.  Consequently, unless statutory or equitable tolling applies, Petitioner's one-year deadline to file a habeas petition expired on December 23, 2014, rendering the October 2015 Petition untimely.  *Summers*, 481 F.3d at 717; *see Gonzalez v. Thaler*, 132 S.Ct. 641, 654 (2012) (AEDPA's statute of limitations commences upon the expiration of the time for seeking review of petitioner's judgment in a state's highest court); *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying the "anniversary method" of Rule 6(a) of the Federal Rules of Civil Procedure to calculate the expiration date of AEDPA's one-year statute of limitations).

### 2.  Statutory and Equitable Tolling are Unavailable

Petitioner did not file a PCR petition or otherwise seek collateral review of his convictions and sentences in the trial court.  Statutory tolling therefore is unavailable. Regarding equitable tolling, Petitioner has the burden to show that extraordinary circumstances beyond Petitioner's control made it impossible for him to file a timely federal petition.  *Roy*, 465 F.3d at 969; *Gibbs*, 767 F.3d at 888 n.8.  A petitioner's pro se status, on its own, is not enough to warrant equitable tolling.  *See, e.g., Johnson v. United States*, 544 U.S. 295, 311 (2005).  In addition, a petitioner's miscalculation of when the limitations period expired does not constitute an "extraordinary circumstance" warranting equitable tolling.  *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *see also*

---

[3] Or "within thirty days after the issuance of the final order or mandate by the appellate court in the petitioner's first petition for post-conviction relief proceeding." Ariz. R. Crim. P. 32.4.

[4] Ninety days from September 23, 2013 is December 22, 2013.  However, because December 22, 2013 was a Sunday, the deadline expired on Monday, December 23, 2013. *See* Ariz. R. Crim. P. 1.3(a) (stating that in computing time periods, "[t]he last day of the period so computed shall be included, unless it is a Saturday, Sunday or legal holiday, in which case the period shall run until the end of the next day which is neither a Saturday, Sunday nor a legal holiday.").

*Alexander v. Schriro*, 312 F. App'x 972, 976 (9th Cir. 2009) ("Ultimately [the petitioner] made an incorrect interpretation of the statute and miscalculated the limitations period. This does not amount to an 'extraordinary circumstance' warranting equitable tolling.").

Petitioner makes no equitable tolling claim. Petitioner has not proffered any extraordinary circumstance that would justify equitable tolling. Nor has Petitioner shown that an external impediment hindered the diligent pursuit of his rights.[5] The undersigned finds that equitable tolling is unavailable. Accordingly, because the limitations period was not statutorily or equitably tolled, the Petition is untimely.

### 3. Actual Innocence/*Schlup* Gateway

Petitioner does not allege that "a constitutional violation has resulted in the conviction of one who is actually innocent." *Schlup*, 513 U.S. at 327. The undersigned does not find that the record and pleadings in this case contain "evidence of innocence so strong that [the Court] cannot have confidence" in the outcome of the proceedings. *McQuiggin*, 133 S.Ct. at 1936 (quoting *Schlup*, 513 U.S. at 316). Accordingly, the undersigned recommends that the Court find that Petitioner cannot pass through the actual innocence/*Schlup* gateway to excuse the untimeliness of this federal habeas proceeding.[6]

---

[5] Petitioner alleges that he instructed his trial counsel to initiate a PCR proceeding on his behalf. (Doc. 1 at 8). Petitioner, however, has not shown that an extraordinary circumstance beyond his control prevented Petitioner from filing a PCR petition himself.

[6] Moreover, it is unclear "whether the *Schlup* actual innocence gateway always applies to petitioners who plead guilty." *Smith v. Baldwin*, 510 F.3d 1127, 1140 n. 9 (9th Cir. 2007) ("We are aware of a potential incongruity between the purpose of the actual innocence gateway announced in *Schlup* and its application to cases involving guilty (or no contest) pleas. . . . For purposes of our analysis, however, we assume without deciding that the actual innocence gateway is available to [the plea-convicted habeas petitioner]."). Decisions in which the Ninth Circuit or United States Supreme Court have considered gateway claims of actual innocence in a plea context involved subsequent case law that arguably rendered the defendant's acts non-criminal. *See, e.g. Bousley v. United States,* 523 U.S. 614, 621-23 (1998); *Vosgien v. Persson*, 742 F.3d 1131, 1134-35 (9th Cir. 2013); *U.S. v. Avery*, 719 F.3d 1080, 1084-85 (9th Cir. 2013).

### B. Petitioner's "Response to Petition" (Doc. 17), Docketed as "Motion to Set Aside Petition for Writ of Habeas Corpus"

In February 2016, Petitioner filed a "Response to Petition," which is docketed as a "Motion to Set Aside Petition for Writ of Habeas Corpus" (Doc. 17). In his filing, Petitioner states that "I would like to ask the court to set aside my Petition until I go to the state court." (Doc. 17). The undersigned liberally construes Petitioner's filing as a motion for voluntary dismissal without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.[7]

Under Rule 41(a)(1) of the Federal Rules of Civil Procedure, a plaintiff may voluntarily dismiss an action without a court order in two circumstances: (i) the opposing party has not yet filed an answer or a motion for summary judgment or (ii) all parties who have appeared have signed a stipulation of dismissal. Otherwise, an action may be dismissed at the plaintiff's request only by court order. Fed. R. Civ. P. 41(a)(2). A court should grant a Rule 41(a)(2) motion for voluntary dismissal unless the defendant shows it will suffer some plain legal prejudice as a result. *See Waller v. Fin. Corp. of Am.,* 828 F.2d 579, 583 (9th Cir. 1987); *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). The decision to grant a voluntary dismissal under Rule 41(a)(2) is "addressed to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion." *Westlands Water Dist. v. U.S.*, 100 F.3d 94, 96 (9th Cir. 1996).

In this case, Respondents have not responded to Petitioner's motion for voluntarily dismissal and therefore have not shown that they will suffer legal prejudice if the Court grants Petitioner's motion. Yet given the determination that the Petition is barred by AEDPA's statute of limitations, the undersigned finds that the interests of judicial and litigant economy are better served by denying Petitioner's request. If Petitioner files a

---

[7] "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or [the Rules Governing Section 2254 Cases], may be applied to a proceeding under [the Rules Governing Section 2254 Cases]." Rule 12, foll. 28 U.S.C. § 2254.

- 8 -

second federal habeas action after the conclusion of his state court proceedings, any claims presented in the Petition will remain time-barred. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (28 U.S.C. 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Hence, allowing Petitioner to dismiss the Petition without prejudice would delay the inevitable and cause Respondents to spend undue time and expense in responding a second time to the claims presented in the Petition. Finally, denying Petitioner's motion and dismissing the Petition with prejudice on the ground that it is time-barred advances AEDPA's purpose to "further the principles of comity, *finality*, and federalism." *See Williams v. Taylor*, 529 U.S. 420, 436 (2000) (emphasis added). It is therefore recommended that the Court deny Petitioner's "Response to Petition," docketed as a "Motion to Set Aside Petition for Writ of Habeas Corpus" (Doc. 17).

## IV.  CONCLUSION

Based on the foregoing reasons,

**IT IS RECOMMENDED** that the Court deny Petitioner's motion to voluntarily dismiss this action without prejudice as set forth in Petitioner's "Response to Petition" (Doc. 17), which is docketed as a "Motion to Set Aside Petition for Writ of Habeas Corpus."

**IT IS FURTHER RECOMMENDED** that the Petition (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed in forma pauperis on appeal be denied because dismissal of the Petition is justified by a plain procedural bar.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 1st day of April, 2016.

_____
Eileen S. Willett
United States Magistrate Judge