NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Anthony Alcantar,<br><br>        Petitioner,<br><br>v.<br><br>Charles L. Ryan, *et al.*,<br><br>        Respondents. | No. CV-15-02146-PHX-JJT<br><br>**ORDER** |

At issue are Petitioner Mark Anthony Alcantar's Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus (Doc. 1), as well as Petitioner's "Response to Petition," which the Clerk of the Court docketed and the Court treats as a motion to set aside the petition or dismiss it without prejudice (Doc. 17). Magistrate Judge Eileen Willett issued a Report and Recommendation ("R&R") in the matter on April 1, 2016 (Doc. 20), to which no party filed an Objection, recommending denial and dismissal of the Petition and denial of the Motion to Set Aside. Because no party objected, timely or otherwise, the Court may accept the R&R without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The Court nonetheless has conducted its own review of the Petition and Motion, and for the reasons set forth in the R&R, this Court will deny the Petition and the Motion.

In the R&R, Judge Willett thoroughly and correctly analyzed the issues involved in the instant Petition, and because this Court will adopt the recommendations set forth in the R&R as well as the reasoning behind those recommendations, it will not restate those

issues or their resolution here in detail. The Petition presents a very straightforward matter of the application of the time limitations imposed on a habeas petition under 28 U.S.C §2254. Petitioner was convicted on September 23, 2013, and thereafter had 90 days to seek review under a state PCR proceeding. He did not do so, and so his conviction in the Arizona State Court matter became final as of December 23, 2013, pursuant to Section 2244(d)(1)(A) of AEDPA. AEDPA's limitation period thus commenced on December 24, 2013, and any habeas petition filed on or after that date is barred absent statutory or equitable tolling.[1] Petitioner filed nothing in the state matter that would have triggered any statutory tolling, and he has offered nothing to support an argument for equitable tolling, as Judge Willett noted. The Petition is untimely and cannot stand.

As Judge Willett reasoned, granting Petitioner's Motion to Set Aside the Petition or dismiss it without prejudice does not serve judicial economy because the defect here is irremediable. Any re-urging of the Petition in the future would raise the same insurmountable obstacle. The Petition always will be untimely and that cannot be remedied by returning to state court for PCR, as Petitioner suggests he might do, or any other action he could take. The Court therefore will follow the R&R and deny the Motion to Set Aside Petition (17) as well.

IT IS ORDERED adopting Magistrate Judge Willett's R&R in its entirety and incorporating same into this Order.

IT IS FURTHER ORDERED denying the Motion to Set Aside Petition for Writ of Habeas Corpus (Doc. 17)

IT IS FURTHER ORDERED denying the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and dismissing this matter with prejudice.

///

///

---

[1] Judge Willett correctly notes that Petitioner makes no actual innocence claim in his Petition, so neither she nor the Court have anything to analyze for conformity with the standards of *Schlup v. Delo*, 513 U.S. 298 327 (1995).

IT IS FURTHER ORDERED denying a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal in this matter because the dismissal of the instant Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

Dated this 22nd day of June, 2016.

_____
Honorable John J. Tuchi
United States District Judge